## No. 11,773.

### Ikeler *v.* Ikeler.

Decided September 12, 1927.

On motion to dismiss writ of error.

### *Motion Denied.*

1. New Trial—*Dispensing with Motion.* In a divorce action, a verdict having been returned, ruling of the court that "no motion for a new trial is necessary," construed to mean that no such motion would be required on any phase of the case.

2. Divorce and Alimony.—*Notice of Appeal—Statute Construed.* Under C. L. section 5605, not only is the party against whom a decree of divorce has been granted entitled to a review, but either party who has been aggrieved by any part of the decree, including property adjustments, is entitled to a review.

*Error to the District Court of Garfield County, Hon.* Charles E. Herrick, Judge.

Mr. Martin H. Kennedy, for plaintiff in error.

Mr. M. J. Mayes, for defendant in error.

*Department One.*

### On Rehearing.

Mr. Justice Denison delivered the opinion of the court.

On motion of defendant in error we decided the writ of error should be dismissed because there was no motion for new trial nor order dispensing therewith. We granted a rehearing when plaintiff in error showed that there was such an order. The defendant in error now claims that the order was not sufficient.

When the verdict was returned defendant excepted and the court said: ''The court will rule that no motion for new trial is necessary. I will say I will take up the matters which will be for the court to dispose of in this case tomorrow morning, so that we may entirely dispose of the case while I am here.''

The next morning the adjustment of property rights was made by the court. Defendant in error now claims that the statement of the court that no motion was necessary referred only to the trial of the divorce by jury and not to the remainder of the case; we think it clear, however, that the court meant that no motion for new trial would be required at all. Our reason, therefore, for dismissing the writ was unsound.

But the motion to dismiss was also on the ground that by the divorce act none but one against whom a judgment has been rendered can maintain error.

The statute, C. L. sec. 5605, reads: ''No writ of error shall be taken or allowed or prosecuted from the supreme court to review a judgment or decree of any court in an action for divorce, except at the time and in the manner hereinafter set forth, to wit: If the party against whom a decree of divorce has been granted shall file, within five days from the day on which such decree was granted * * * a written notice that he or she will apply within sixty days from the date of said decree to the supreme court for a writ of error to review the said decree, then a writ of error may issue from the supreme court on proper application therefor within sixty days from the date of said decree but not thereafter, to review any and all of the proceedings and decree of the trial court.''

The proposition is that a decree of divorce has not been granted to Mrs. Ikeler, and therefore she is not within the terms of the act and can have neither the divorce nor the property adjustments reviewed by the court. We think the words ''decree of divorce'' mean a decree in a divorce action and include all parts of such a decree and that a decree of divorce, therefore, has been

granted "against" one who has been aggrieved by the property adjustments and that such a one has a right to a writ of error.

The former opinion is withdrawn and motion to dismiss is denied.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.